## JOHNSON *vs.* PERRY.

1. The want of an endorsement of the cause of action on a writ, may properly be plead in abatement.

This case arose upon an action of assumpsit, commenced in Pickens Circuit Court, by the plaintiff in error, upon a promissory note. The defendant in the Court below craved oyer of the writ, and plead in abatement, that no indorsement of the cause of action was made, upon the writ.

The defendant demurred to this plea, and under it judgment was rendered for the defendant.

*Vandegraaff*, for the plaintiff in error—*Rose, contra.*

LIPSCOMB, C. J.—The only question presented for our consideration, in this case, is, whether the want of an indorsement of the cause of action, can be taken advantage of, by plea in abatement. The writ contained no indorsement of the cause of action, and this was plead in abatement.'

The plaintiff demurred, and the Court below, overruled the demurrer, and gave judgment for the defendant, on his plea in abatement.

The 31st section of the act of 1807, provides, "that the time of serving and executing writs, and process, returnable into any Circuit Court, or into the Supreme or Superior Courts, aforesaid, shall be as prescribed by the act, establishing County Courts; and, hereafter, it shall not be necessary that any declaration or copy thereof, accompany such writ or

process, but a copy of such writ shall be left with the defendant at the time of serving the same. And it shall be the duty of the clerk, or plaintiff's attorney, to indorse on the back of the writ, the cause of the action, the nature of the specialty, or the other grounds, on which the action is founded. And the sheriff, on executing the writ, shall deliver to the defendant, together with a copy of the writ, a copy of the said indorsement."[a]

*Aik. Dig. 278

Before the passage of this act, the plaintiff was required to have a copy of his declaration, served on the defendant. It must, therefore have been the object of the legislature, to substitute the indorsement on the writ, for the copy of the declaration. And it was intended, by this means, to give the defendant notice of the grounds of the action, commenced against him. Whether this would be very important to his defence, need not be discussed.

If it should, however, be thought, that this information would not be of any essential benefit, it would, at least, relieve him from an unpleasant suspense.— But, that the law has required it, is a sufficient answer to all the objections, as to its propriety or usefulness.

It is, however, said to be no ground for an abatement of the writ; that the law is only directory to the clerk, or to the plaintiff's attorney. The law imposes no penalty for its disobedience; and as it is our duty to give it effect, if possible, I can see no objection to enforcing it, by making its violation a matter of abatement. If the indorsement is not strictly a part of the writ, yet we have often considered it as such, and always do for purposes of amendment.— But can we say, that with us, it is not, in strictness,

a part of the writ.   It is true, that without it, the
writ would be a good  common law process.   Yet
who will say, that it is not competent for the Legis-
lature to alter and modify the writ, at pleasure ?—
And if it has been so modified, the indorsement is
required to be its inseperable concomitant.   Will
it be said, that the writ is perfect, without it ?   I am
aware that there may be some difficulty in settling
what is a sufficient indorsement on the writ, within
the meaning of the law.   I have felt this difficulty,
when on the Circuit Court Bench.   But I appre-
hend, that it is not more so, than determining, whe-
ther a sufficient cause of action is shown in a decla-
ration.   Or whether a good cause of action is well
set out.   I believe, therefore, that to give the law
effect, we must consider the want of an indorsement,
as a matter, that may properly be plead in abatement ;
and that the judgment in this case must be affirmed ;
and this is the opinion of the Court.


SAFFOLD, J.—The action was assumpsit on a pro-
missory note, by the present plaintiff, against the de-
fendant.   The declaration having been filed in the
usual form, the defendant craved oyer of the writ
and declaration, and inserted them in his plea.   No
indorsement of the cause of action having been made
on the writ, the defendant pleaded the omission in
abatement; and annexed his affidavit of the truth
thereof.   The plaintiff demurred to the plea—the
demurrer was overruled by the Court, and final judg-
ment given for the defendant.   This judgment is as-
signed as erroneous.

The questions now are, first—was the plea in
abatement properly before the Court, as it does not

appear when it was filed; second—was the omission to indorse the cause of action, on the writ, matter pleadable in abatement.

1. The rule of Court is, that "no plea in abatement, shall be received, *if objected to;* unless, by the indorsement of the clerk, it appear, to have been filed, within the time allowed for pleading."

As no objection appears to have been made, below, to the time of filing the plea, or the want of the clerk's indorsement upon it, this objection cannot be regarded. The proper mode of claiming advantage of such omission, would have been, by motion to the Court, to reject the plea. Had such motion been made, perhaps the recollection of the clerk, or other *data*, would have enabled him, under his official responsibility, by leave of the Court, to correct the omission. Hence, the requisition, that the objection shall be made, in the Court below. The demurrer to the plea, could only bring to the view of the Court, matter, apparent on its face.

2. The other question is one of more difficulty. The statute, dispensing with the necessity of a declaration, to accompany the writ, in the first instance, requires, that the cause of action, the nature of the specialty, or other grounds of the action, shall be indorsed on the back of the writ, by the clerk, or plaintiff's attorney. The same act, also, directs the clerk, in issuing process, to mark thereon, the day on which the same shall be issued; and, that the officer, receiving the same to execute, shall also indorse the day he received it. For a neglect or failure in either of these respects, such officer shall be liable to a forfeiture of two hundred dollars. For a failure to indorse the cause of action, no penalty is declared;

nor does the statute express the consequences of such failure, or define the manner of taking exception to it.  But it can not escape observation, that after the declaration has been filed, all the information required by the indorsement, and in more ample form, has been furnished by the former.  Until then, the exception can not be taken by plea : hence, it must involve an incongruity, to sustain a plea, for a matter which has been more than supplied, and has, consequently, ceased to be material ; and, when the effect must be to turn the plaintiff out of Court, to commence anew, with no prospect of enabling the defendant to make any better or other defence, than he could have done, when the plea was filed.

The general statute of jeofails,[a] declared it to be <sub></sub> the duty of the Court, to permit amendments, as to all defects or want of form, in the writ, declaration, &c., unless the matter had been especially demurred to ; and, even after such demurrer, the Courts were authorised to permit amendments, as to defects of either form or substance, whether demurred to, or not, upon such conditions as the said Courts respectively should, in their discretion, and by their rules prescribe.  This right of amendment is contained in the same statute, which requires indorsements of the cause of action.

<span style="margin">Aik. Dig. 265</span>

The statute of 1824, " to regulate pleadings at common law," is also proper to be considered, on this question.  Its policy seems to be, to discountenance technical or captious exceptions ; at least so far as not to turn a party out of Court, for any formal defect, or matter, not affecting the merits.  The equity of this statute, though it can not deny a defendant

4s. & p.                          7

his plea in abatement, on grounds, which the law has clearly recognised as sufficient, forbids any extension of the causes of abatement. Abatable matter is unsusceptible of amendment, either by legal intendment, or corrections, actually to be made, so as to sustain the suit. I perceive not the principle, on which demurrable matter, more materially defective, shall be, at all times, amendable in the Court below, on application, either gratuitously, or on terms, in the discretion of the Court; yet, that less material defects or omissions, not demurrable, because originating with the writ, shall be construed into fatal defects.

The second section of this act permits only general demurrers, and provides, that "the courts, at any time previous to the term at which the demurrer shall stand for argument, may allow the party, on application, to amend his pleadings, without terms, and after judgment in favor of the demurrer, may authorise an amendment on terms."

I conceive, a still stronger objection to considering the omission of the indorsement, as matter pleadable in abatement, to be, the impossibility, from the nature of the thing, of fixing any uniform standard by which to determine its sufficiency. Indorsements are subject to every grade of insufficiency.

If the omission of any indorsement is determined to be fatal to the writ, an imperfect or defective one, must produce the same effect. The certainty of a declaration was never contemplated by the statute: it is clear, that nothing more was intended than a general notice of the cause of action. What shall be considered sufficient, must be left in a great degree to the discretion of the presiding judge. This can,

with more propriety, be exercised, on exception, by motion of the defendant; and which should be made at the first term. On such motion, ample justice can be done to each party, by allowing the defendant a term, to plead, after the declaration shall be filed, or giving him cost, as the circumstances may require. I would, however, in all cases, require the exception to be taken and determined, as far as depends upon the defendant, at the return term.

If taken by plea in abatement, the exception can not generally be heard, at the return term, or even known, by the plaintiff, until after the adjournment of the Court. But, at some subsequent term, perhaps on a writ of error, the plaintiff must be turned out of Court, charged with a bill of costs, for the omission of a requisition, which, if ever material, had long ceased to be so.

Hence my dissent from the opinion of the majority.